**MIAMI-DADE COUNTY CLERK OF THE COURTS**
HARVEY RUVIN

Contact Us   My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

**JENNIFER ESCOBAR VS BORINQUEN HEALTH CARE CENTER, INC.**

| | |
|---|---|
| Local Case Number: | 2021-008455-CA-01 |
| State Case Number: | 132021CA008455000001 |
| Consolidated Case No.: | N/A |
| Case Status: | OPEN |
| Filing Date: | 04/08/2021 |
| Judicial Section: | CA08 |
| Case Type: | Discrimination - Employment or Other |

### Parties — Total Of Parties: 2

### Hearing Details — Total Of Hearings: 0

### Dockets — Total Of Dockets: 9

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 8 | 05/06/2021 | | Notice of Appearance | Event | Parties: Kornfield Haley Nicole; BORINQUEN HEALTH CARE CENTER INC. |
| | 7 | 04/26/2021 | | Service Returned | Event | Parties: BORINQUEN HEALTH CARE CENTER INC. |
| | 6 | 04/14/2021 | | Receipt: | Event | RECEIPT#:2600066 AMT PAID:$10.00 NAME:JONATHAN S MINICK ESQ 169 E. FLAGLER STREET SUITE 1600 MIAMI FL 33135-3435 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:04/14/2021 REGISTER#:260 CASHIER:EFILINGUSER |
| | | 04/13/2021 | | 20 Day Summons Issued | Service | |
| | 5 | 04/13/2021 | | ESummons 20 Day Issued | Event | Parties: BORINQUEN HEALTH CARE CENTER INC. |
| | 4 | 04/12/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 04/09/2021 | | Receipt: | Event | RECEIPT#:2790155 AMT PAID:$401.00 NAME:JONATHAN S MINICK ESQ 169 E. FLAGLER STREET SUITE 1600 MIAMI FL 33135-3435 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:04/09/2021 REGISTER#:279 CASHIER:EFILINGUSER |
| | 2 | 04/08/2021 | | Complaint | Event | |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 1 | 04/08/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



### HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JENNIFER ESCOBAR</u>
Plaintiff                                                                      Case # _____
                                                                               Judge _____

vs.
<u>BORINQUEN HEALTH CARE CENTER, INC.</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　　☐ Business governance
　　☐ Business torts
　　☐ Environmental/Toxic tort
　　☐ Third party indemnification
　　☐ Construction defect
　　☐ Mass tort
　　☐ Negligent security
　　☐ Nursing home negligence
　　☐ Premises liability—commercial
　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　☐ Commercial foreclosure
　　☐ Homestead residential foreclosure
　　☐ Non-homestead residential foreclosure
　　☐ Other real property actions

☐ Professional malpractice
　　☐ Malpractice—business
　　☐ Malpractice—medical
　　☐ Malpractice—other professional
☒ Other
　　☐ Antitrust/Trade regulation
　　☐ Business transactions
　　☐ Constitutional challenge—statute or ordinance
　　☐ Constitutional challenge—proposed amendment
　　☐ Corporate trusts
　　☒ Discrimination—employment or other
　　☐ Insurance claims
　　☐ Intellectual property
　　☐ Libel/Slander
　　☐ Shareholder derivative action
　　☐ Securities litigation
　　☐ Trade secrets
　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>3</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jonathan S. Minick</u>        Fla. Bar # <u>88743</u>
        Attorney or party                               (Bar # if attorney)

<u>Jonathan S. Minick</u>                <u>04/08/2021</u>
(type or print name)                Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JENNIFER ESCOBAR,   CASE NO.:

    Plaintiff,

vs.

BORINQUEN HEALTH CARE CENTER, INC.,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff JENNIFER ESCOBAR ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, BORINQUEN HEALTH CARE CENTER, INC. ("Defendant"), on the basis of workplace discrimination pursuant to Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992 ("FCRA"). In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

2. The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, liquidated damages, costs and attorneys' fees.

3. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. During all material times, Defendant conducted business within the State of Florida, and within Miami-Dade County, Florida.

5. Venue of this action is proper in Miami-Dade County as the actions which are the subject of this Complaint occurred in Miami-Dade County, all discriminatory acts complained of

1

herein, and all employment records relevant to this matter are maintained and administered within Miami-Dade County, Florida.

6. This Court has personal jurisdiction over the Parties.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to bringing this action have occurred.

8. Plaintiff filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the adverse employment practices as alleged in this Complaint.

9. Plaintiff received a Notice of a Right to Sue from the EEOC and this Complaint has been filed within ninety (90) days of the date of receipt of the Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

10. At all times material to this Complaint, Defendant conducted business within the State of Florida, and within Miami-Dade County, Florida.

11. Defendant has been engaged in an industry affecting commerce and as an "employer" as that term is defined in 42 U.S.C. §2000e(b) and the FCRA.

12. Defendant has had at least fifteen (15) employees for each working day in at least twenty (20) calendar weeks at all times material to this Complaint.

13. At all times material to this Complaint, Defendant was an employer as that term is defined within Title VII and the FCRA.

14. At all times material to this Complaint, Plaintiff was an employee as that term is defined within Title VII and the FCRA.

15. Plaintiff was hired by Defendant on November 18, 2019 to work as a Medical Assistant in its Miami-Dade County, Florida location.

16. During her time working with the Defendant, Plaintiff was an excellent employee and performed her position at or above the level required of her by the Defendant.

17. While Plaintiff respected her position with the Defendant, Defendant did not treat Plaintiff or employees of Haitian descent with the same type of respect.

18. Specifically, during the week of January 27, 2020, Plaintiff's training supervisor began making harsh and racially motivated comments about the Defendant's Haitian employees.

19. For instance, the training supervisor stated that the Haitian employees are "slow and stupid," and that Defendant "should hire more Latin employees because they are better workers."

20. Although Plaintiff is not of Haitian descent, her husband and four children are Haitian.

21. Not surprisingly, Plaintiff was offended and shocked by her training supervisor's racially discriminatory comments, and she made clear to tell her training supervisor to stop making such statements.

22. In response, Plaintiff's training supervisor simply laughed and continued to make discriminatory remarks about Haitian workers.

23. Plaintiff's training supervisor's statements were overheard by other of Defendant's Haitian employees.

24. Knowing Plaintiff's training supervisor's bias towards Haitian individuals and considering Plaintiff's training supervisor was assigned to train Plaintiff and the two would be working closely together, Plaintiff informed her training supervisor's discriminatory bias to managers as well as to the Defendant's Human Resources Department ("HR").

25. On no less than four occasions, Plaintiff spoke with Defendant's Director of Nursing, the Company's Manager of its OBGYN division, and its HR Director regarding Plaintiff's

training supervisor's discriminatory behavior. Moreover, Plaintiff submitted multiple written complaints to Defendant's HR Director detailing her training supervisor's inappropriate behavior.

26. However, not only was nothing done to correct Plaintiff's training supervisor's conduct, on a daily basis Plaintiff's training supervisor would routinely make the same type of derogatory comments about Haitian employees directly to Plaintiff, and even went so far as to regularly refer to Plaintiff as a "black want-to-be Haitian."

27. As nothing was ever done to even stop Plaintiff's training supervisor's behavior or to alleviate the hostile work environment created by her comments, Plaintiff made clear to her managers that she can no longer continue to work with her training supervisor.

28. In response, on February 19, 2020, Plaintiff was told by Defendant that it was tired of her complaining and as a result her employment was summarily terminated.

29. As a result of the Defendant's unlawful conduct, Plaintiff has been compelled to retain the undersigned counsel who has incurred fees and costs.

## COUNT I

## RETALIATION IN VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION

30. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-29 above as if fully set forth herein.

31. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin classifications, considerations or national origin based reasons.

32. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show that the employee engaged in protected activity for purposes of Title VII retaliation claim. *42 U.S.C.A. § 2000e-5*.

33. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under Title VII. *Id*.

34. Plaintiff repeatedly complained about her training supervisor's unlawful and discriminatory comments about Haitian employees.

35. In response to Plaintiff exercising protected activity under Title VII, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

36. The Defendant treated other employees who did not complain about Defendant's discriminatory activities more favorably than the Plaintiff.

37. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under Title VII.

38. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional

distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT II

## RETALIATION VIOLATION OF FLORIDA CIVIL RIGHTS ACT – NATIONAL ORIGIN DISCRIMINATION

39. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-29 above as if fully set forth herein.

40. The FCRA prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin classifications, considerations or national origin based reasons.

41. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show that the employee engaged in protected activity for purposes of an FCRA retaliation claim.

42. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under the FCRA

43. Plaintiff repeatedly complained about her training supervisor's unlawful and discriminatory comments about Haitian employees.

44. In response to Plaintiff exercising protected activity under the FCRA, Plaintiff was retaliated against and unlawfully terminated by the Defendant.

45. The Defendant treated other employees who did not complain about Defendant's discriminatory activities more favorably than the Plaintiff.

46. Defendant deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under the FCRA.

47. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## COUNT III – CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF §448.102, FLA. STAT.

48. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-29 above as if fully set forth herein.

49. Florida Statute §448.102 states:

> Prohibitions.— An employer may not take any retaliatory personnel action against an employee because the employee has:
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

50. At all times material hereto, Plaintiff was an employee or former employee of Defendant within the meaning of Florida Statute §448.101.

51. At all times material hereto, Defendant was the employer of Plaintiff within the meaning of Florida Statute §448.101.

52. In February 2020, Plaintiff reported to Defendant that one of its medical assistants purposefully recorded a patient's blood pressure as normal when her reading revealed otherwise; and the medical assistant did so simply because she did not want to be bothered to go through additional protocols required when a patient presents as having high blood pressure.

53. Additionally, during an in-patient procedure, Plaintiff noticed that the same medical assistant was using FaceTime to speak with her boyfriend during the procedure.

54. Plaintiff submitted a written statement regarding both of these issues, yet nothing was ever done to investigate Plaintiff's complaints or to correct the unlawful behavior.

55. The Defendant terminated the Plaintiff's employment on or about February 19, 2020 as a direct and proximate result of her report that its medical assistant failed to accurately record a patient's blood pressure and was using FaceTime to speak with her boyfriend during a medical procedure, in violation of §448.102, Fla. Stat.

56. Plaintiff has suffered both economic and compensatory damages as a result of the Defendant's aforesaid actions, and her damages, associated with the loss of her employment, were specifically sought to be prevented by the legislative enactment of the Florida Whistle-Blower's Act, as set forth in §448.102, Fla. Stat.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor against Defendant, and award actual and compensatory damages, interest, back pay, pre-judgment

interest, front-pay, post-judgment interest, damages for all employment benefits Plaintiff would have received but for Defendant's unlawful actions, as well as court costs, and attorney's fees, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

57. Plaintiff demands trial by jury of all issues so trial.

Dated:  April 8, 2021                                                                 Respectfully submitted,

                                                                                     s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Phone:  (786) 441-8909
Facsimile:  (786) 523-0610
Counsel for Plaintiff

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

JENNIFER ESCOBAR,   CASE NO.: 2021-008455-CA-01

        Plaintiff,

vs.

BORINQUEN HEALTH CARE
CENTER, INC.,

        Defendant.
_____/

## CIVIL ACTION SUMMONS

**TO:**

BORINQUEN HEALTH CARE CENTER, INC
C/O PAUL C. VELEZ, REGISTERED AGENT
3883 BISCAYNE BLVD.
MIAMI, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on _____   Clerk of the Court,

                                                                                    By _____
                                                                                     Deputy Clerk

|   |   |
|---|---|
| JENNIFER ESCOBAR, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: 2021-008455-CA-01 |
| vs. | |
| BORINQUEN HEALTH CARE CENTER, INC., | |
| Defendant. _____/ | |

# CIVIL ACTION SUMMONS

**TO:**

BORINQUEN HEALTH CARE CENTER, INC
C/O PAUL C. VELEZ, REGISTERED AGENT
3883 BISCAYNE BLVD.
MIAMI, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on  4/13/2021                                   Clerk of the Court,

By _____
Deputy Clerk

1

## RETURN OF SERVICE

State of Florida          County of Miami-Dade          Circuit Court

Case Number: 2021-008455-CA-01

Plaintiff:
**JENNIFER ESCOBAR,**

vs.

Defendant:
**BORINQUEN HEALTH CARE CENTER, INC.,**

For:
Jonathan Minick
John S. Minick, P.A.
169 E Flagler Street
Suite 1600
Miami, FL 33131

Received by DLE Process Servers, Inc on the 19th day of April, 2021 at 11:59 am to be served on **Borinquen Health Care Center, Inc c/o: Paul C. Velez, Registered Agent, 3883 Biscayne Blvd, Miami, FL 33137**.

I, Kenny Gallego, do hereby affirm that on the **21st day of April, 2021** at **11:03 am, I:**

served a **CORPORATION** by delivering a true copy of the **Civil Action Summons, Civil Cover Sheet and Complaint.** at **3883 Biscayne Blvd, Miami, FL 33137** with the date and hour of service endorsed thereon by me, to: **Lysette Zamonra** as H.R Assistant/Employee Authorized for **Paul C. Velez, REGISTERED AGENT** on behalf of **Borinquen Health Care Center, Inc** and informing said person of the contents therein, in compliance state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

Kenny Gallego
Process Server 2080

DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2021016572

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

Filing # 124767743 E-Filed 04/12/2021 04:33:56 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JENNIFER ESCOBAR,

CASE NO.: 2021-008455-CA-01

        Plaintiff,

vs.

BORINQUEN HEALTH CARE
CENTER, INC.,

        Defendant.
_____/

*[Handwritten: 4/21/21 11:03 AM Lysette Zamonra KG #2080]*

## CIVIL ACTION SUMMONS

**TO:**

BORINQUEN HEALTH CARE CENTER, INC
C/O PAUL C. VELEZ, REGISTERED AGENT
3883 BISCAYNE BLVD.
MIAMI, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on  4/13/2021

Clerk of the Court,

By _____
Deputy Clerk

1

|  |  |
|---|---|
| JENNIFER ESCOBAR, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: 2021-008455-CA-01 |
| v. |  |
| BORINQUEN HEALTH CARE CENTER, INC., |  |
| Defendant. |  |
| _____/ |  |

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

Barry A. Postman, Esq., and Haley N. Kornfield, Esq., of Cole, Scott & Kissane, P.A., hereby give notice of their appearance on behalf of Defendant, Borinquen Health Care Center, Inc., and request that copies of all motions, notices, and other pleadings filed or served in this cause be furnished to the undersigned. Further, pursuant to Florida Rules of General Practice and Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

Primary e-mail:     barry.postman@csklegal.com
Secondary e-mail:   haley.kornfield@csklegal.com
Alternate e-mail:   danise.townsend@csklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2021, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties

registered with the e-Filing Portal system:  Jonathan S. Minick, Esq., Jonathan S. Minick, P.A., 169 E. Flagler, Suite 1600, Miami, FL 33131, (786) 441-8909/(786) 523-0610 (F), Attorney for Plaintiff, Jennifer Escobar.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Borinquen Health Care Center, Inc.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (561) 383-9234
Facsimile (305) 373-2294
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: haley.kornfield@csklegal.com
Alternate e-mail:  danise.townsend@csklegal.com

By: *s/ Haley N. Kornfield*
BARRY A. POSTMAN
Florida Bar No.:  991856
HALEY N. KORNFIELD
Florida Bar No.:  111580

1085.1016-00